UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

In Re:  Ronald & Wendy Jezior              Case No. 11-01558

       Debtors                                            Hon. Donald R. Cassling

### TRUSTEE'S REPLY TO CREDIT UNION 1 RESPONSE

      Glenn Stearns, Chapter 13 Standing Trustee, replies to the mortgage company's response as follows:

1. The trustee's office filed the Notice of Final Cure Payment per Rule 3002.1 on 6/17/16.

2. The mortgage company filed a response to the cure notice on 7/8/16.

3. The response states the mortgage company disagrees that the debtor paid in full the amount required to cure the prepetition default of the creditor's claim.

4. The response also states the creditor asserts that the total prepetition amount remaining unpaid as of the date of this response is $14,000.00.

5. Without any objections filed, the court confirmed the plan dated 5/11/11 [docket #36] on 5/13/11.

6. The confirmed plan had an arrears amount of $14,000.00.

7. On May 24, 2011, Credit Union 1 filed a proof of claim, claim #28 on Pacer, that doesn't assert any prepetition arrears amount; the arrears section of the proof of claim is left blank and the creditor didn't include an itemization or any type of accounting regarding an arrears amount.

8. Per the language of the confirmed plan in E5 mortgage arrears, the arrears are to be payable as set forth in the plan , regardless of contrary proofs of claims, except that the arrears may be reduced either with consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee.

9. The filing of the proof of claim with $0.00 arrears asserted by the mortgagee was consent by the mortgagee to a lesser treatment.

10. The trustee did not pay any arrears due to the fact that the proof of claim didn't allege any arrears in section 4 of the filed proof of claim and Credit Union 1 did not include a required itemization or calculation of a mortgage arrears amount in the attachments to the proof of claim document.

11.  On 6/4/11, the trustee filed the Notice of Payment of Final Mortgage Cure Amount Under Paragraph B(2)(b) of Plan [docket #44] stating that our office had cured the arrears per E5 of the plan.

12.  Credit Union 1 never filed a response or disagreed with this Notice in any manner.

13.  Credit Union 1 actively participated in this plan by filing numerous claims, both secured and unsecured, and receiving payment on these claims but Credit Union 1 never questioned the lack of payment of any mortgage arrears amount.

14.  In closing, the Debtors have paid in full the amount required to cure any default on the claim because based on the proof of claim filed by Credit Union 1, there wasn't any default to cure.


Date:  7/11/16                                                                  /S/  Pamela L. Peterson

                                                                                       For:  Glenn Stearns, Chapter 13 Standing Trustee